(Rev. 04/2005) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

# UNITED STATES DISTRICT COURT

Southern District of Florida

Case Number: 05-21207-Civ-JORDAN
Dismissed without prejudice

Robert J. Smith Jr
PlainTiFF
Proceeding "In Paoper Personal"

(Enter above the full name of the plaintiff or plaintiffs in this action.)

07-23207

Demand For Speedy Trial

FILED by SK D.C.
DKTG

DEC - 3 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

v.

Ken Mascara, Ex. Governor Bush, Lt. Hasiley-ofc, Ft. Pierce Police Dept, et. Al, ST. Lucie County Detention Center, et. Al, Major Tighe et. Al, Capt. Walsh, et. Al, CFC. Wandell et. Al.

(Enter above the full name of the defendant or defendants in this action.) Defendants

CIV-JORDAN

RECEIVED
NOV 26 2007
NORTH ANNEX

## A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

MAGISTRATE JUDGE
WHITE

Instructions for Filing:

This packet includes four copies of the complaint form and two copies of the Application to Proceed without Prepayment of Fees and Affidavit. To start an action you must file an original and one copy of your complaint for the court and one copy for each defendant you name. For example, if you name two defendants, you must file the original and three copies of the complaint (a total of four) with the court. Your should also keep an additional copy of the complaint for your own records. All copies of the complaint must be identical to the original.

Your complaint must be legibly handwritten or typewritten. Please do not use pencil to complete these forms. The plaintiff or plaintiffs must sign and swear to the complaint. If you need additional space to answer a question, use an additional blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

There is a filing fee of $250.00 for this complaint to be filed. If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis.



cat / div 42:1983 PWnHC
Case # C.2007CV23207 F7
Judge AJ Mag PAW
Motn Ifp NO Fee pd $ NO
Receipt # NO

11/30/07 per Up

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 05-21207-CIV-JORDAN

07-23207

CIV-JORDAN

MAGISTRATE JUDGE WHITE

ROBERT J. SMITH, JR., )
Plaintiff )
vs. )
STATE OF FLORIDA, et al., )
Defendants )

**ORDER DENYING MOTION TO AMEND COMPLAINT AND DIRECTING CLERK TO OPEN NEW CASE**

Mr. Smith has filed an amended complaint [D.E. 26] in this case. However, this case was closed on November 29, 2005, pursuant to my order [D.E. 19], and Mr. Smith's motion for relief from judgment was denied on March 8, 2006 [D.E. 23]. Because this case is closed, Mr. Smith cannot amend his complaint without obtaining leave. Mr. Smith can, however, file a new complaint and begin a new action.

The Clerk of the Court is therefore directed to consider Mr. Smith's amended complaint [D.E. 26] as a new complaint, to open a new case, and to assign the new case to me as a related or similar case.

DONE and ORDERED in chambers in Miami, Florida, this 5th day of December, 2007.

Adalberto Jordan
Adalberto Jordan
United States District Judge

Copy to: All counsel of record
Robert J. Smith, Jr.
#789293
D.C.I
19000 SW 377th Street
Florida City, FL 33034

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No. 05-21207 CIV AJ

# The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

# UNITED STATES DISTRICT COURT

Southern District of Florida

Case Number: 05-21207 – Civ – JORDAN

Dismissed without prejudice



Robert J. Smith Jr.

Plaintiff

Proceeding "In Paoper Personal"

(Enter above the full name of the plaintiff or plaintiffs in this action.)

Demand For Speedy Trial

v.

Ken Mascara, Ex. Governor Bush, Lt. Hasiley-ofc., Ft. Pierce Police Dept, et. Al, ST. Lucie County Detention Center, et. Al, Major Tighe et. Al, Capt. Walsh, et. Al, OFC. Wandell et. Al.

(Enter above the full name of the defendant or defendants in this action.) Defendants

RECEIVED

NOV 26 2007

NORTH ANNEX

## A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Instructions for Filing:

This packet includes four copies of the complaint form and two copies of the Application to Proceed without Prepayment of Fees and Affidavit. To start an action you must file an original and one copy of your complaint for the court and one copy for each defendant you name. For example, if you name two defendants, you must file the original and three copies of the complaint (a total of four) with the court. Your should also keep an additional copy of the complaint for your own records. All copies of the complaint must be identical to the original.

Your complaint must be legibly handwritten or typewritten. Please do not use pencil to complete these forms. The plaintiff or plaintiffs must sign and swear to the complaint. If you need additional space to answer a question, use an additional blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

There is a filing fee of $250.00 for this complaint to be filed. If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis.



11/30/07 per Up

060 / F7

Two blank Applications to Proceed without Prepayment of Fees and Affidavit for this purpose are included in this packet. Both should be completed and filed with your complaint.

In addition, if the Judge directs the U.S. Marshal to serve the summons and complaint to teach defendant, the United States Marshal will require you to pay for the costs of this service.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.

When these forms are completed, mail the original and the copies to the Clerk's Office of the United States District Court, Southern District of Florida, 301 North Miami Avenue, Miami, Florida 33128-7788.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes (✓) No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiffs: SAME Defendants AS before!!!

Defendants: Gov. Bush Et. Al., Ken Mascara, Et. Al. See: Caption

2. Court (if federal court, name the district; if state court, name the county): U. S. District Ct. Southern District of F/A.

3. Case Number: 05-21207-Civ-JORDAN

4. Name of Judge to whom case was assigned: P. A. White / Alberto Jordan

5. Disposition (for example: Was the case dismissed?; Was it appealed?; Is it still pending?): "dismissed without prejudice".

6. Approximate date of filing lawsuit: May 3rd 2005

7. Approximate date of disposition: Nov. 28TH 2005

II. Place of present confinement: Dade Corr. Inst. 19000 S.W. 377TH Suite 300 Fla. City, Fla. 33034

A. Is there a prisoner grievance procedure in this institution?

Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes (✓) No ( )

C. If your answer is YES:

1. What steps did you take? I Requested to exercise my rights to grievance process but was refused, sent petition to Governor no responce, Reported the issue to three different courts.

2. What was the result? Was told that my issue was not grieveable, No responce, Futhermore: Plaintiff have been attacked and had to undergo surgery due to a Murderous Attack...

D. If your answer is NO, explain why not: ______

III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff: Robert J. Smith Jr.

Address: #789893 D.C.I. 19000 S.W. 377TH St. Florida City, Fla. 33034

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant JEB Bush

is employed as EX- Governor.

at ______

C. Additional Defendants: Ken MASCARA, et. Al. S. L. C. O 4700 W. Midway Road Ft. Pierce Fla. 34954, LT. Haseley, et. Al. 900 N. Rock Road- Ft. Pierce, Fla. 34950, Officer WanDell, et. Al., 900 N. Rock Road- Ft. Pierce, Fla. 34954, Ofc. Casey, et. Al. 900 N. Rock Road- Ft Pierce, Florida 34954. "SEE: Attached For name of Defendants"

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places.

Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach an additional blank page if necessary.)

"Plaintiff Refiled complaint"

#1.) Plaintiff "Robert J. Smith Jr." who proceeds now, "IN Pauper Personal" Refiles complaint against defendants Jeb Bush, et. Al., Ken MASCARA, et. Al. and alleges as follows:

"JuriDiction and Venue:"

#2.) 1.) This court has Jurisdiction over this action under 28 U.S.C. § 1331 and 1343 (A)(1)(2)(3)(4) the matter in controversy arise under 42 U.S.C. § 1983, 1985 ect. ect.
2.) Venue appropriately lies in this District pursuant to 28 U.S.C. § 1391(b)(2) And (c)(e).

#3.) "Parties"

Plaintiff "Robert J. Smith Jr." is and was at all times relevant (herein), a detainee in the custody of the State of Fla./ County of St. Lucie, ~~Ft.~~ Pierce, Fla. Held by the county Sheriff At. St. Lucie county Detention Facility for Adults. At the time of the events (hereto), Plaintiff was incarcerated at above mention dentention facility. Pla-

Case 1:09-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 6 of 60



V. Relief

State briefly exactly what you want the court to do so for you. Make no legal arguments. Cite no cases or statutes.

Claim for Relief #1

Plaintiff who's proceeding "In Pauper Persona" Request that this Court find/use factors that Defendants Paul Hudson et. Al, St. Lucie County Sheriff's office et. Al, Ken Mascara et. Al. and Fort Pierce Police Department et. Al. Eugene Salvage, in their unlawful actions mentioned in paragraph # 6, by using physical force against the "Plaintiff," without need or provocation or failing to intervene or to prevent the misuse of force, That was carried out maliciously and sadistically to cause harm or death and such actions constituted cruel and unusual punishment, in violation of the 8TH Amend. of U.S. Constitution and in violation of the 5TH amend. of U.S. Constitution.

Claim for Relief #2

Also, Plaintiff request respectfully that this "see: Attached"

Signed this 24 day of Aug., 2007.

Robert J. Smith Jr.

RECEIVED
NOV 26 2007
DADE NORTH ANNEX

(Signature of plaintiff or plaintiffs)

I declare under penalty of perjury that the foregoing is true and correct. Executed on Aug. 24, 2007

Robert J. Smith Jr.
(Signature of plaintiff)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF FLORIDA**
Southern DIVISION

Robert J. Smith Jr.,
Affiant

v.

Gov. Jeb Bush, et. Al.
Ken Mascara, et. Al.
Ofc. Wandell, et. Al.,
Defendant(s)

CASE NUMBER: ____________________
(To be supplied by Clerk's Office)

## AFFIDAVIT OF INDIGENCY

**(EACH PLAINTIFF MUST COMPLETE A SEPARATE AFFIDAVIT OF INDIGENCY)**

I, Robert J. Smith Jr., being first duly sworn, depose and make under oath the following application and affidavit, pursuant to Title 28 U.S.C. § 1915, to proceed in forma pauperis in the United States District Court for the Middle District of Florida. I am unable to make prepayment of fees and costs or to give security therefor, and it is my belief that I am entitled to redress, and that I have not, for the purpose of avoiding payment of said cost, divested myself of any property, monies, or any items of value.

I. BRIEF STATEMENT OF THE NATURE OF THE ACTION: Civil Action that Concerns civil/criminal violation of Plaintiff's constitutional Rights...

II. RESIDENCE:

Affiant's address: D.C.I. 19000 S.W. 377st, Fla. City, Fla. 33034
(Street)

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 8 of 60

Fla. City Fla. 33034
(City) (State) (Zip Code)

III. MARITAL STATUS:

1. Single ✓ Married ___ Separated __ Divorced ________

2. If married, spouse's full name: ________________

IV. DEPENDENTS:

1. Number: 7

2. Relationship to dependent(s): Mother, Sons, Daughter, Sisters, brother

3. How much money do you contribute to your dependents' support on a monthly basis? $N/A

V. EMPLOYMENT: (Information provided below applies to your present employment or last employment.)

1. Name of employer: N/A

a. Address of employer: ________________
(Street)

________________
(City) (State) (Zip Code)

b. State how long affiant has been (was) employed by present (or last) employer?

Years: _____ Months: _____

c. Income: Monthly $_____ or Weekly $_____

d. What is (was) affiant's job title? ________________

2. If unemployed, date of last employment: ________________

3. Is spouse employed? _____ If so, name of employer: ________________

________________

a. Income: Monthly $_____ or Weekly $_____

b. What is spouse's job title? ________________

4. Are you and/or your spouse receiving welfare aid?

If so, amount: Monthly $____ or Weekly $____

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 9 of 60

VI. FINANCIAL STATUS:

1. Owner of real property (excluding ordinary household furnishings and clothing):

a. Description: N/A

b. Full address: ____________________
(Street)

____________________
(City) (State) (Zip Code)

c. In whose name? ____________________

d. Estimated value: $ 0

e. Total amount owed: $ 0

Owed to: 0 for $ 0

0 for $ 0

f. Annual income from property: $ 0

2. Other assets/property:

a. Automobile: Make ______ Model N/A

In whose name registered? ____________________

Present value of car: $ 0

Amount owed: $ 0

Owed to: ____________________

b. Total cash in banks, savings and loan associations, prisoner accounts, financial institutions, other repositories, or anywhere else: $ 0

c. List monies received during the last twelve (12) months into your hands, into banks, savings and loan associations, prisoner accounts, other financial institutions, or other sources as indicated below:

Business, profession, or other forms of self employment: $ 0

Rent payments, interest, or dividends: $ 0

Pensions, annuities, or life insurance payments: $ 0

Gifts or inheritances: $ 0

Stocks, bonds, or notes: $ Ø

Other sources: $ Ø

3. Obligations:

   a. Monthly rental on house or apartment: $ Ø

   b. Monthly mortgage payments on house: $ Ø

4. Other information pertinent to affiant's financial debts and obligations:

| (Creditor) | (Total Debt) | (Monthly Payment) |
|---|---|---|
| N/A | | N/A |
| N/A | | N/A |
| N/A | | N/A |

Other (explain): ______________________________

## VII. FOR PRISONER AFFIANTS ONLY:

1. Date(s) of incarceration: Sept., 2005
2. Estimated release or parole date: indefinate
3. A copy of the prisoner's account statement containing all transactions in affiant's prisoner account **for the six (6) months immediately preceding the filing of the Complaint or Petition must accompany this Affidavit**. The account statement must be obtained from an authorized official of each prison at which the prisoner is or was confined during this period of time. The account statement must be in the form of a computer printout or bank ledger card prepared by the institution or an account statement prepared by an authorized officer of the institution. **Failure to provide this account statement may result in the dismissal of this action.**

The requirement to submit the account statement does not negate the prisoner affiant's responsibility to ensure that the **Affidavit Certificate** found on page 7 of this Affidavit of Indigency is also properly executed

Case 1:08-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 11 of 60

and filed.

VIII. ALL AFFIANTS MUST READ AND SIGN:

**I UNDERSTAND** that any false statement(s) of a material fact contained herein may serve as the basis of prosecution and conviction for perjury or making false statements. **FURTHER, I CERTIFY** that all questions contained herein have been answered and are true and correct to the best of my knowledge and belief.

______________________________
Signature of Affiant

STATE OF FLORIDA

COUNTY OF Dade

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE ME THIS ________ DAY OF ________, 2___, BY ______________________________
(Insert Name of Person Acknowledged)

WHO IS PERSONALLY KNOWN TO ME OR WHO HAS PRODUCED ______________________________

______________________________, AS IDENTIFICATION AND WHO (DID) (DID NOT) TAKE
(State Type of Identification)

AN OATH.

______________________________
NOTARY PUBLIC

MY COMMISSION EXPIRES:

______________________________

Case 1:09-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 12 of 60

IBSR140 (74)

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FACILITY: 463 - DADE C.I.
FOR: 10/01/2007 - 10/31/2007

11/01/07
07:58:47
PAGE 736

ACCT NAME: SMITH, ROBERT J.
BED: F1113L
PO BOX:

ACCT#: 789293
TYPE: INMATE TRUST

BEGINNING BALANCE 10/01/07 $0.00

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 10/18/07 | 133 | LEGAL COPIES WD | 20071003 | 000 | | - | $0.00 | $0.00 |
| | | LIEN CREATED | - 10/18/2007 | 20071003 | | | | |

ENDING BALANCE 10/31/07 $0.00

| LIEN DATE | TYPE OF LIEN | LIEN FACL | AMOUNT OF LIEN | AMOUNT STILL OWED |
|---|---|---|---|---|
| SUMMARY | LEGAL COPIES | | $2.25 | $2.18 |
| 10/18/07 | LEGAL COPIES | 000 | $0.15 | $0.15 |

IBSR100 (67)

DEPOSIT RECEIPT

NUMBER: 3027525

| | | | |
|---|---|---|---|
| DATE: | 11/20/07 | FACILITY: | DADE C.I. |
| DEPOSITED TO: | 789293 | HOUSING LOC: | F1113L |
| | SMITH, ROBERT J. | P.O. BOX: | |
| REMITTER: | SHEPPARD, KATINA | REFERENCE NO: | 2188808 |
| | | DEPOSIT NO: | 20071120403 |
| AMOUNT: | $20.00 | TYPE: | JPAY DEPOSIT |

*** ALL DEPOSITS OF $ 400.00 OR GREATER WILL HAVE ***
*** A 10 DAY HOLD PLACED ON THEM (WITH THE ***
*** EXCEPTION OF WESTERN UNION QUICK COLLECT ***
*** DEPOSITS). ***

---

DEDUCTIONS

| TYPE | REFERENCE # | AMOUNT |
|---|---|---|
| LEGAL COPIES LIEN PAY | 112007403562 | $2.18 |
| LIEN CREATED: 09/27/2007 | 20070830 | |
| | 112007403562 | $0.15 |
| LIEN CREATED: 10/18/2007 | 20071003 | |
| MEDICAL CO-PAY BILL LIEN PAY | 112007403562 | $4.00 |
| LIEN CREATED: 11/15/2007 | 1115071330DS | |
| NET DEDUCTION AMOUNT: | | $6.33 |
| ENDING BALANCE FOR 11/20/07: | | $13.67 |

IBSR112 (11)

WITHDRAWAL NOTIFICATION

NUMBER: 1572159

| | | | |
|---|---|---|---|
| DATE: | 09/28/07 | FACILITY: | DADE C.I. |
| WITHDRAWN FROM: | 789293 | HOUSING LOC: | F1113L |
| | SMITH, ROBERT J. | P.O. BOX: | |
| WITHDRAWAL TYPE: | LEGAL COPIES WD | CHECK NO: | |
| AMOUNT: | $0.07 | PAYEE: | |
| REFERENCE: | 20070830 | ADDRESS: | |

ENDING BALANCE FOR 09/28/07: $0.00
$ 2.18 LIEN PLACED

IBSR112 (11)

WITHDRAWAL NOTIFICATION

NUMBER: 1604822

DATE: 11/15/07
WITHDRAWN FROM: 789293
SMITH, ROBERT J.

FACILITY: DADE C.I.
HOUSING LOC: F1113L
P.O. BOX:

WITHDRAWAL TYPE: MEDICAL CO-PAY WD
AMOUNT: $0.00
REFERENCE: 1115071330DS

CHECK NO:
PAYEE:
ADDRESS:

ENDING BALANCE FOR 11/15/07: $0.00
$ 4.00 LIEN PLACED

intiff now is / currently incarcerated at "Dade Correctional Institution," in Florida City, Florida.

#4.) Defendant Jeb Bush was an elected official for the State of Florida, at the time of the events herein.

#5.) Ken Mascara et. Al, Lieutenant Hasiley, officer Casey, Sargent D. O'Brian, [illegible] officer K. Pearson, officer Briglia, Sargent Singletary, officer Hubbard, officer D. Todd, Major Tighe, Captain Walsh, officer Wandell, Aramark, et. Al., K. Pirkins, Nurse Sharon-emsa et. Al., nurse Virgil-emsa et. Al., nurse Gloria-emsa et. Al, officer Alexander, officer L. Joshlin, P. Yaccuci, T. Matherson, Master Deputy Pachula, Ft. Pierce Police Dept. et. Al., St. Lucie County Sheriff office et. Al, Are Defendants and was at All times (herein), employed by the State of Florida / St. Lucie County.

#6) "Facts"

On or About Jan. 6, 2005 Plaintiff was arrested on unrelated charges, concerning this matter. By the "St. Lucie County Sheriff's office, et. Al" The charges was composed of grandtheft auto and resisting arrest without-violence. However during this arrest Plaintiff

Case 2:05-cv-14267-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 17 of 60

Cont.:

WAS ARRESTED/ASSAULTED by SURVILLIANS AND St. Lucie County Sheriffs office/ Paul Hudson et. Al. To Explain: On Above mentioned date (herein) PARAGRAPH (#6), the "St. Lucie County Sheriffs office" et. Al. And "Ft. Pierce Police Dept." et. Al./ Paul Hudchson et. Al. had Already detained an unknown "white male" who was Running out from/Arround the crime sce ne area. Yet, the St. Lucie County sheriff offices et. Al./ the Ft. Pierce Police Dept. et. Al. Chosed to harasse, assault and place Plaintiff's in harms way, by equating plaintiff with an unknown crime, of grandtheft auto and resisting arrest without viol-ence. When Plaintiff was forced onto/into on coming traffic. For which, Plaintiff would have been ran over intentionately, if Plaintiff would not have used his "God" given agility to step out of the way of the on coming traffic...

#7.) On or About Jan. 8TH 2005 Plaintiff was again illegally arrested by Ft. Pierce Police Department et. Al. for Resisting arrest without violence and possession marjuana under twenty (20) grams. Plaintiff bond out, subsequently the charges was drop. After/During the filing of civil case at bar. See: Exhibit

Because, "Ft. Pierce Police Department et. Al," knew that Plaintiff was illegally being Arrested. Yet, the officers employed by the "Ft. Pierce Police Department," continued ~~processing~~ with such unlawful conduct.

#.8.) Also, On or About Jan. 8, 2005 Plaintiff hard earn money of a $ $3.00 was taken from "him" - (Plaintiff) By Ft. Pierce Police Department et. Al. See: exhibit A ...

#.9.) On Mar 4th 2005 Plaintiff was again illegally Arrested on unrelated charges concerning this matter...

#.10.) On the Above mentioned date in paragraph (#9), upon entering into the "St. Lucie County Detention facility" Plaintiff was frisked/Searched by Defendants K. Pearson And Briglia. During this search Defendant K. Pearson sexually assaulted the Plaintiff. Explanation (see paragraph #11)...

#.11.) On 3-4-05 Plaintiff was sexually assaulted/assaulted during the search, due to Defendants Pearson actions when "he" - [Re: Def. Pearson) stuck "his" thumb in plaintiff Rectum. At which time, the plaintiff turned around to ask/stated: "Why did "he" - [Re: Def. Pearson] stick "his" thumb in Plaintiff's Rectum..."

#.12.) Immediately, After plaintiff made/purposed the questioned mentioned in (Paragraph #11), Plaintiff was thrown to

the ground/floor of the St. Lucie County Detention facility, by Defendants Pearson and Briglia, Real hard while restrained.

#13) While on the floor with shoulder in pain Plaintiff Notices a host of other St. Lucie County Detention facility employees/officers

#14) What caused Plaintiff to notice the other officials, is that Defendant Haseley came up and asked: "whats wrong?" Plaintiff blurted out: "he"-(Re: Def. Pearson) stuck "his" thumb in "my"-(Re: Plaintiff) ASS!!! (Herein After); Rectum...

#15) May the courts excuse my responce. But; the "facts" must be stated... However; upon the repeated statement by Plaintiff mentioned in paragraph #14). Defendant Hasely stated: "OH; we-(Re: officials) are allowed to do that to you all"-(Re: Black detainees) when "you all" come in this place...

#16.) Also; at point and time, mentioned in (paragraph #15). in responce to Defendant Hasely races slur, Defendant's Briglia and Pearson, snatched Plaintiff off the floor and throwed Plaintiff into/up against the wall, causing futher pain and suffering in a deadly assaultive manner, by using unnessesary force...

Case 1:08-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 20 of 60

#17.) After Plaintiff was thrown an being pressed Against the wall, Defendant Briglia proceeded to cause plaintiff futher pain and suffering in a assaultive mann-er, by using "his" (Re: Def. Briglia) thum to press a "nerve center" behind the Plaintiff's ear. Causing the plain-tiff's to lose oxygen to the brain cells. forewhich; Plain-tiff was about to lose consciousness. From experiencing the situation, it is Plaintiff belief that Defendant Briglia had in "his" mind from a races, diachololical and criminal mind set to cause Plaintiff bodily harm... While Defendant Haseley and a host of others stood arround and watch this/these criminal and civil viol-ations take shape and then performed...

#18) To add insult to injury, on 3-4-05, After the assault/sexual assault took place, Defendant Haseley ordered Defendants Briglia and Pearson and a host of others to place Plaintiff in a "Blue cage" while suff-ering from injuries that was obtained from incident mention-ed (herein), without receiving any medical attention...

#19.) Also, on 3-4-05, After incident mentioned above Plain-taiff was taken out of the "blue cage", without being exam-ined by medical personnel. Even, After notifying Defe-ndant Haseley of the fact that Defendant Pearson stuck "his" thumb in Plaintiff's Rectum. Plus; Defendant

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 21 of 60

Haseley, Acutually Saw Plaintiff being Attacked...

#20.) Right After incidents mentioned in (PARAGRAPHS 1-19), Plaintiff was again placed in harmful situation, when Defendant Pearson and Briglia placed Plaintiff in the "holding tank" with About 20 OR 30 detainees. Which; this holding tank only had two (2) phones. Upon information, belief and experience, the harmful situation mentioned in this paragraph. IS only A diabolical design by Defendants Ken Mascara et. Al., to cause bodyly harm to the weak. Forewhich; Defendants Haseley, Major Tighe, Captain Walsh, Pearson, Briglia And A host of others have put into practice. Wherefore, such practices Placed Plaintiff in position to defend himself on 3-4-05 Against A person who was drunk And unstable, threatening to hurt Plaintiff..

#21.) After incident mentioned in (PARAGRAPH #20.) Plaintiff was then given A "verbal physical" A "emsa" employee/nurse Gloria. During the physical examination, which only consist of questioneers. Defendant Gloria/emsa et. Al, asked plaintiff is "he" taking some type of medication. Plaintiff explain to Defendant Gloria/emsa et. Al. that he- [Re: Plaintiff] was taking over the counter med's for

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 22 of 60

for back pain. Plaintiff also explained to Defendant Gloria/EMSA-et. Al. that "he"-[Re: Plaintiff] was suffering pain in Rectum and shoulder area, from earlier incidents mentioned in [Paragraphs 1—19].

#22) Once Plaintiff explained himself, Defendant Gloria/EMSA-et. Al. called Sgt./Defendant Green, and fabricated to him, that Plaintiff was being Rude and uncooperative. All Because, Plaintiff Refuse to sign a document that contained falsified information. The false information that was contained in the medical document, is basically stating; "Plaintiff explained to "her"-[Re: Defendant Gloria] that "he"-[Re: Plaintiff] was taking over the counter "med's" for "his"-[Re: Plaintiff] Anus and shoulder".....

#23.) Plaintiff, noticed Defendant Gloria's/EMSA-et. Al. Actions as a coverup to hide, the fact that Defendants Hasely, Briglia, Pearson and a host of others had committed criminal actions against the Plaintiff...

#24.) During the incident mentioned in [Paragraphs 21-23], Defendant ordered Plaintiff to "Shut Up!", in a threatening manner, while Plaintiff was tring to explain to "him"-[Re: Defendant Green] that Defendant Gloria/EMSA-et. Al. was tring to

... false
force Plaintiff to sign A document ... with
information contained within it...

#25.) From this point, SGt./Defendant Green proceeded to
Assault Plaintiff By snatching Plaintiff by the ARM,
while Plaintiff was seated, hand cuffed And not being
hostile. Such Assaultive behavior, carried out by SGt.
Green caused Plaintiff pain in his left Shoulder.

#26.) Plaintiff was thrown in A blue cage by the booking
desk and then Plaintiff was place under harmful condit-
ion, when Defendant Green, Briglia And pearson placed plain-
tiff in crowed holding cell "143" for approximately
A day...

#27.) On/About 3-5-07 Plaintiff was futher harassed
And place in A position of harm when "he" was
Plased in "Pod B-1- Dorm 1 or 4". Which, the Dorm place-
ment was infested with known gang members. The Reason
for Placing Plaintiff in harmful position, was done with
the retalitorial intent to cause harm. All because of
Plaintiff verbal/out spoken complaint, Against Defendants Pearson,
Hasley, Briglia, Nurse Gloria/emsa-et. Al. And SGt. Green, for
Sexual Assault, Assault, And denial of medical care etc. etc.

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 24 of 60

#28) While Plaintiff was being illegally held at Ted-
B-1- Dorm 1 or Y: Plaintiff noticed that "his" Rectum
was bleeding and oozing with a white substance. [Re:
pus] !!! The reason behind the fact of how Plaintiff came
to Notice this bodily defect/infection, is when "he"
[Re: Plaintiff] had to use the restroom four (4) days later
or 4 days After Plaintiff's illegal Arrest...

#29.) ON 3-8-05 Plaintiff wrote a Request for the reason
indicated in (paragraph #28). ON 3-10-05 Approximately
Plaintiff was moved to a "high Alpha" dorm - 24 hour Lock
down. The Defendants hasley, Puchula, Major Tighe, Capt.
Walsh, Detective Burkhardt, SGt. Singletary, classification et. Al. had
Plaintiff move under such condition, due to Retalitory
discrimenatory and bias Reasons. Plus, Plaintiff money was
stolen/imbezzled out of Plaintiff's detainees Account...

#30) On/about 3-9-05 Plaintiff was seen by EMSA -
et. Al., for "normal physical check up", for new
detainees. During this "checkup", Plaintiff expl-
ained "his" health conditions concerning the inc-
idents in (paragraphs 1-9). However, the "Director
of Nurses" expressed to "Jane Doe", that Plaintiff was
only here for "normal physical" and that Plaintiff would
need to put in "medical request." Plaintiff ~~Required~~

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 25 of 60

Complied on 3-13-05 2005. Yet; NURSE Vergil/EMSA-et. Al, Along with M.D. John Doe And "Jane Doe #2" had summons Plaintiff to A "Medical Doctor's" Visit on A document of their own, by Defendants mentioned herein on May 18, 2005., Elevating the information that Plaintiff Place in "his" origenal "Medical Request"...

#31.) Concerning the incident mentioned in "Paragraph # 30". The Plaintiff would factually state.

upon Arrival At Medical section of St. Lucie Detention facility, the Plaintiff was thrown in A holding Cell. After waiting for twenty (20) minutes, Plaintiff saw M.D/Defendant EMSA-et. Al. About the incident that took Place on 3-4-05. Plaintiff; At point And time mentioned (herein), showed Evidence of "his" [Re: Plaintiff] health. By producing white tissue with blood And pus on it. At which time; the M.D./Defendant EMSA-et. Al. screemed, "get that off my Desk"! Plaintiff complied!!!

#.32.) After the incident mentioned in (PARAGRAPH #31) Plaintiff was denied medical treatment when the M.D./ Defendants ~~[illegible]~~ EMSA-et. Al, failed to treat Plaintiff for serious medical condition. on 3-18-05 no futher incident occured on date mentioned in (PARAGRAPH. #32).

#.33.) On or About 4-11-05 Plaintiff was Attacked While handcuffed And Shackled during "his" [RE: Plaintiff one(1) hour Rec. time of day, "out of cell time. However, Plaintiff explains this fact to the Courts: As mentioned (herein), on 4-11-05 Plaintiff was let out of the cell, that Defendants "Classification et. Al." housed Plaintiff in. Yet, During the process, Defendant WanDell Allowed two(2) detainees out of their cell to take A Shower. The names of the detainees ARE: "Jackson And Boland." Defendant Wandell Acted As if "he'd" put the named detainee's in the Shower. However, Plaintiff turned Arround, with back to the detainees, to talk with Another detainee. At this point, Plaintiff discovered that there was A criminal, wicked intent to have Plaintiff injured, murdered/Assassinated. By hands of detainee Jackson . . . [See: next PARAGRAPH]

#34.) The discovery of Ken Mascara, Ofc. Wandell-et.Al. Intent/ design on Plaintiffs life, became clear when "detainee Jackson" was Allowed to Approach Plaintiff And Attack Plaintiff, while "he"-[Re: Plaintiff] was shackled and handcuffed. Yet, Detainee Jackson, was not shackled or handcuffed. During the conspiratorial/ordered attack, "detainee Jackson" Assaulted Plaintiff with a close fist. Although, Plaintiff was able overcome the wicked plot on "his"-[Re: Plaintiff] life, the facts remains the same. That Ofc./Defendant Wandell Allowed the attack on plaintiff life to take place intentionAlly...

#.35.) After the planned Attacked had failed, Defendant Wandell "maced" the Plaintiff. A few seconds later, officers O'Hara, Casey, Lt. Long, Perkins, And a host of other officers Rushed in (Pod-B-3-Dorm-4), pass the "detainee" who tried to kill the Plaintiff, And straight to the Plaintiff. Pushing into the wall harmfully. After which, Plaintiff was taken, from the Aforementioned lockdown Area, to a medical Area and given A shower. During the process of taking a shower. Ofc. O'Hara stated to Plaintiff: "quote - Now "You"-[Re: Plaintiff] know that "me"-[Re: O'Hara] And this "officer"-[Re: Casey] did not have Anything to do with "that"-[Re: Attack mentioned in paragraph #33-34].

Case 1:07-cv-23207-WPD Document 1 Entered on FLSD Docket 12/10/2007 Page 30 of 62

After incident mentioned [PARAGRAPH# 33-35] plaintiff was escorted back to cell/lockdown area by officer O'Hara and Defendant Casey...

#36.) Also, on 4-11-05 "Defendant Wolf" sent officer Alaveres and "Defendant Wandell" to the cell that Plaintiff was housed in, to futher antagonise and cover the attempted murder/assasenation attempt on plaintiff life. By trying to move plaintiff to a dark cell. However, Plaintiff stated; to officer Alaveres and Defendant Wandell "You all" = SGT./Defendant wolf, if I am to "die" due to an illegal administrative plot on my life, then I would rather die in cell "L". At this point; Defendant Wandell and officer Alaveres left the cell that Plaintiff was housed in, without any futher incident on 4-11-05...

#.37.) On or about 4-12-05, Plaintiff was escorted from cell to a displinary hearing. Upon arrival the plaintiff was told to sit down in chair by a Defendant T. Mattersen. Plaintiff complied: afterwhich; Defendant Burkhardt came to the window and gave Plaintiff a threatening/minacing look. During this point in the incident. Defendant Mattersen proceeded with the displainary hearing. by asking plaintiff this question = what is your name? *

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 29 of 60

Plaintiff Responded with A question! By Stating: ~~[illegible]~~ "What Am I-[Re: Plantiff] doing here?" Defendant Mattersen stated: "this is About the Altercation that took Place on 4-11-05". Plaintiff then stated; Real respectfully AND comely, "No, that was an, Assassination Attempt!!!" Defendant Matterson then Stated: "No, it was Altercation", several times Angryly. From this point Defendant Matterson turn tape off AND jumped up out of the seat "he" was sitting in, stating also, "Alright, this hearing is over"!!! Wherefore, on or About 4-12-05/4-13-05 plaintiff was escorted back to cell/housing AREA, witout any futher incidents.

#. 38.) On 4-22-05 Plaintiff was escorted/summons to the Chapel AREA, to Ask the residing official to have/impliment the practice Religion of Islam... During the verbal conversation ~~[illegible]~~ with an unknown Chapel, Plaintiff was told that he would have to get with "Chaplian-Jeff Owen's." After the meeting mentioned in this paragraph, OFC. Brison Radioed escort to take "Plaintiff" back to cell AREA.

Plaintiff would also let the Courts know that "he" - [Re: Plaintiff] Did Report the Criminal And uncivil treatment During a hearing on 4-15-05 to Judge Conner's, due to the fact defendant's mentioned (herein) Refused to give Plaintiff "grievance slip" /hendered the grievance process, which is A Required process/ step for All institutionalized persons. [See: Exhibits #1 #2 __ __]. Plus; if the Courts would noticed, Plaintiff had to initiate this complaint on "brown tissue paper". Because; Defendants diliberately fail to give Plaintiff the Right legal material. Also; Defendant Conner, Refuse to Report Criminal And uncivil treatment to the proper Authority...

#31.) On 4-22-05 the "Radiced escort" showed up About (30) thirty minutes later. The escort officers was Defendant Casey, And John Doe. During the process Defendant Casey began to scream over and over, "This is my House"!!! Plaintiff became threaten And kept on walking towards housing area.

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 31 of 60

Upon entrance of housing area "Hallway", Defendant O'Brian Rushed into the "hallway" to Attack, hurt and assault the plaintiff with malice intent. However, Defendant O'Brian Refrained from doing so, because there was two (2) other detainees in the "hallway" with plaintiff.

#.40.) From this point; Plaintiff and the two (2) detainees was escorted into wing (4) of B-3-Pod. Once inside wing (4); Defendant O'Brian started screaming at Plaintiff in a assaultive manner, to force Plaintiff to go up stairs while "handcuffed and shackled." Plaintiff stated: "I am not going up stairs with shackles on my feet"!!) Defendant O'Brian stated: "Yes; you are!!" Plaintiff then stated: "I am not going to let you kill "me"-[Re: Plaintiff] like that... Plaintiff then leaned on the table and "Officer John Doe" took the shackles off of plaintiff feet... The plaintiff was then escorted up stairs to cell "L" that he's housed in... Once inside cell, plaintiff waited for officer inside control booth to close

Case 1:08-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 32 of 60

(cont.)

/secure cell door. However, the next thing Plaintiff knew, "he" was being attacked by Defendants Casey and O'Brian.

#.41.) Explaination: First Defendant Casey "rushed" Plaintiff and punched "plaintiff" on the Right side of "his" face/lower jaw area knocking Plaintiff to the "cell floor". Then Defendant "~~[illegible]~~" (~~officer~~) O'Brian knock officer "John Doe" on the bed and put "his" -[Re: Def. O'Brian] knee in Plaintiff back as "he" -[Re: Def. O'Brian] got down in a low position to hold plaintiff down. While "Defendant Casey" was repeatedly punching plaintiff and stabbing plaintiff with a security on/in the head area. The pain from this brutal attack, cause "Plaintiff" to move "his" head out of the way. At that point [Re: Plaintiff moving his head] the security key broke. Also, at the same time, Defendant O'Brian was punching "Plaintiff" and screaming "Stop Resisting"!!!

Plaintiff believe/Knew the Phrase-[Re: Stop Resisting] was used by Defendant O'Brian so that "him-[Re: Def. O'Brian] And Defendant Casey could continue their unlawful, sadistic and diabolical Assault/malicious crime to cause harm and willful plot to commit murder/Assassinate. During the Attack while plaintiff was on the floor "handcuffed", Defendant Casey was Also Screaming "Stop Resisting", while at the same time trying to posion the Plaintiff. By spraying mace in the Plaintiffs Mouth...

#42) Also, on 4-22-05 right After the Assaultive, murderous Attack mentioned in [paragraphs #39-#41] Defendants Casey, O'Brian, Leedman, Johnson "whitmarle" And "Emsa-Et. Al" futher the Criminal Attack. When they [Re: Defendants mentioned in this paragraph] came on [R-3 pod-Dorm 4] And took plaintiff to a medical unit inside "St. Lucie County Detention"... Once inside the medical unit personnel Along with Defendants mentioned inside this paragraph, took Plaintiff inside a "bathroom" And dumped

Case 1:05-cv-21267-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 34 of 60

Plaintiff head under water, that was inside a "bath tub", the Defendants mentioned (herein) this paragraph, dumped plaintiff head under water about (3) three times. From this point; Defendants mentioned (herein) this paragraph, they took a water hose/shower spraying hose that connected to the tub and constantly sprayed water in plaintiff nose and face, while at the same time applying pressure to plaintiff abdomen on the surface of the tub causing plaintiff breath to be shorten... Also, Defendants mentioned (herein) this paragraph, injected some type of mind altering drug into Plaintiff's hip.

#43) After the above mentioned incident in "paragraph" (42), the Defendants mentioned (therein) proceeded to futher cause harm to plaintiff persons. By strapping plaintiff to a security restraint chair real tight, so that Plaintiff could not/was unable to breath. Whereby, upon information and belief, that it was

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 35 of 60

Defendants Casey, O'Brien, Leedman, "Johnson-Whitman" And A host of others intentions to cause Plaintiff death, by strapping plaintiff in chair real tight and beyond protocol. Wherefore, the Defendants mentioned (herein) knew the dangers of Plaintiff's situation...

#44.) However, Plaintiff survived the criminal scheme, by spitting to keep from strangling / swallowing the poisonous "chemical munition" that Defendant Casey sprayed into plaintiff's mouth... After about;

A two (2) hour period, Plaintiff was taken out of the chair. By Defendants, Johnson And EMSA et. Al. / nurse Jane Doe #2. Nurse mentioned (herein) this paragraph just looked at plaintiff, check plaintiff's pulse And then left the area... Plaintiff was given A shower, Afterwhich there was no futher incident on 4-22-05...

Case 1:05-cv-21267-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 36 of 60

#. 45.) On 4-23-05 Plaintiff was escorted from "cell" down Stair of Pod-B-3-Dorm #4 by officer John Doe #2 to See nurse Sharon/emsa et. Al. Because; earlyer official John Doe #2, saw plaintiff face swollen and that plaintiff couldn't "see," due to Assaultive/murderous incident that took place on 4-22-05... Plaintiff explained to Defendant Sharon/emsa et. Al. that "he"-[Re: Plaintiff] couldn't "see" and that "he" was in pain... Defendant Sharon/emsa et. Al. express to plaintiff that "she"-[Re: Def. Sharon/emsa et. Al.] didn't have on "her" "medication cart" for Plaintiff's condition and that "she" would have to bring the medications back to me. Defendant Sharon/emsa, et. Al. never came back, nor did plaintiff receive any medical treatment as required by law...

#46.) On 4-23-05 plaintiff was served with an "displinary" by "Jane Doe," by order of classification et. Al. Defendants Matterson, Burkhardt et. Al. This act was done/carried out to keep Plaintiff from being visited by Mother so, that "she" would not "see" Plaintiff condition. [Re: swollen face, closed eye ect. ect.]

#47.) On 4-25-05 Plaintiff should have went to a court hearing, but was never called. Upon information and belief, this was another ploy to prevent Plaintiff injuries from being seen or known by the public/family or friends.

#48) On 4-26-05 Plaintiff summons to a court hearing arround 7:00 A.M. But arround 7:20 AM. Plaintiff was attacked by Defendants C. Todd, Defendant Hubbard et. Al. when these Defendant threateningly tried to force plaintiff in harms way, by placing Plaintiff arround detainees "he" should not have been arround...

#.49) On 4-26-05 Approx. 7:30 AM. Plaintiff was not allowed to go to court by orders of Defendants C. Todd, Major Tigh, Kew Mascara, et. Al. A "court order" was issued by P. Yacucci/Edwin Fry. At which time Plaintiff was escorted back to cell by Defendant Hubbard. However; during the escort Defendant Hubbard again attack plaintiff verbally and physically. By stating: "Now; Whats up"? At the same time, Defendant Hubbard grabed Plaintiff while being shackled and handcuffed, throwing Plaintiff down to the floor real hard, in a "deathly threatening" manner... Plaintiff got up off the floor in pain and picked up legal work, then proceeded down the hallway of "B-3-Pod". While walking towards aforementioned "Pod". The Plaintiff stated to Defendant Hubbard- "You-[Re: Def. Hubbard] want to harm "me-[Re: Plaintiff] because I am fighting for my rights, can't get mad at me because "you" know "yours"..!"

#50.) Once Plaintiff and Defendant Hubbard entered into B-3-Pod's hallway Defendant Hubbard, Defendant Briglia and a host of others gathered arround Plaintiff in threatening manner. Defendant Hubbard then said/stated "Take the cuffs off him: [Re: Plaintiff]. After the statement mentioned (herein) Defendant Hubbard then asked Plaintiff "Do You-[Re: Plaintiff] want to go inside one of these rooms!?" To the Plaintiff's recollection Plaintiff stated: "You're in Charge"!!! Defendant Hubbard then escorted Plaintiff into a dark visitation room. Once inside Plaintiff and Defendant talked about the situation. However, the next thing Plaintiff knew, Defendant Briglia came inside the dark visiting room. The moment Defendant Briglia saw Plaintiff "he-[Re: Def. Briglia] stated: "I-[Re: Def. Briglia] should kill you-[Re: Plaintiff] several times. But, Defendant Hubbard stated to Defendant Briglia, "come lets go"!!! So, Plaintiff was escorted back to cell...

#51.) Also, on 4-26-05 approx. 12:00 noon Sgt. Wolf came to cell "C" in B-3-Pod-Dorm "4 to escort Plaintiff to "Sally port." Because, Plaintiff was summons to court, upon arrival at "St. Lucie County court House," Plaintiff recognised that "no" one was not there accept for two (2) civilians and Bailiff V. Zokol, Defendant Yacucci and a host of other court room officials...

Case 1:08-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 39 of 60

After about 3 or 4 seconds of entering into the "court room" Plaintiff knew/began to understand that such situation was another diabolical plan/scheme to set Plaintiff up for another assaultive attack... composed by Defendant Yaccuci, C. Todd, Ken Mascara et. Al., Diamond Litty et. Al.

#52.) However, Defendant [illegible] Yaccuci didn't know, that two (2) civilians was sitting in the "court room." But, when "he"-[Def. Yaccuci] recognized the (2) people "he" gave a signal not to commence the assault/ [illegible] on-slaught to cause harm to the Plaintiff. Futhermore, Defendant proceeded with another un-ethical plan, when "he"-[Def. Yaccuci] stated to Plaintiff. That "he"-[Def. Yaccuci] was informed that "I"-[Re. Plaintiff] Re-fused to come to court. Plaintiff then stated to [Def. Yacc-uci] that "I"-[Re: Plaintiff] did not refused to come to court"!!! At which time, Plaintiff then invoked "his" right to be fully heard. Yet, [Def. Yaccuci] refused this right of the Plaintiff and proceeded to pass a unconstitutional sentence of six (6) months on the Plaintiff for "contempt of court"... Defend-ant Yaccuci also, handed down two (2) more six (6) month sentences on two (2) occassions. Dates are →

Page Count

[April 26, 2005, ect.], [June 3, 2005]. Plaintiff filed an Appeal, And was scheduled to go to trial, but the court's never took/Allowed plaintiff this constitutional Avenue... Yet; Edwin Fry et. Al. furthered this unlawful scheme/coverup by sending Plaintiff two (2) documents. One (1) stating Plaintiff charges has been dismissed And the seconded (2nd) document stating that "his" [Re: Plaintiff] Appeal would be dismissed with prejudice. [See: Attached Exhibits B, C]....

#53.) On/approximately June 14/15 2005, Plaintiff was summoned out of cell block to Room "113" to visit assumed federal Marshalls Christina Pharo And federal Marshal "J." That "he" [Re: Fed. Marshall "J"] gave to the Plaintiff. After About two (2) or three (3) seconds of waiting inside Room "113," The named federal Marshalls within this (Paragraph #52), came inside the Room And Allowed Plaintiff to see "their badges." Right After federal Marshalls Christina Pharo And "J" introduced themselves the Plaintiff told them [Re: Fed. Marshalls] About the illegal treatment

Case 1:08-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 42 of 60

he's-[Re: Plaintiff] been experiencing. Concerning the assaults, and threats on Plaintiff Life, by actual Attacks. At the same time during the discussion the Plaintiff produced a portion of the evidence to them-[Re: Fed. Marshalls]. In which such evidence, consist of a broken piece of a handcuff key and a five (5) dollar bill...

#54.) Plaintiff at this point in the statement of claims/facts would respectfully advise the "Courts." That the "broken piece of handcuff key"/"security device," stems from the murderous-assaultive incident, which took place on 4-22-05, by Defendant Casey and Defendant O'Brian. Also, the five(5) dollar bill stems from, when Defendant Casey came and step by / in front of [illegible] the "cell" that Plaintiff was housed in and flicked the five(5) dollar bill inside "cell" stating: "that's all you are going to get from me-[Re: Def. Casey] Nigger-[Re: Plaintiff].

#55) However, Federal Marshall Christina Pharo Stated to Plaintiff that She could not Allow "him" (Re: Plaintiff) to take evidence back to "cell" with "him" (Re: Plaintiff). Plaintiff then Stated; "I" agree, but could "you" [Re: Fed. Marshall] Sign A Sworn document Stating that "She" took evidence from "me" [Re: Plaintiff]. Federal Marshall "Christina Pharo" Stated: that She could Not do that, But "She" would do A "Report" And that "I" [Plaintiff] could Call "them" As witnesses.

#56) After events mentioned in (PARA. #55), Defendant Singletary came into the room. Federal Marshall Showed the evidence to Defendant Singletary. Defendant Singletary stated: "that" he could not touch "something" [Re: evidence] of that nature. "He" [Re: Def. Singletary] then left the Room and few seconds later, "he" came back with "Defendant Burkhardt". AS soon AS "Defendant Burkhardt" came into the Room And saw the evidence, Defendant Burkhardt Stated: "if anything we have one (1) Felony Charge". Introduction of contraband/something of that nature. ~~Plaintiff was then snatched off the floor by Defendants Ashlin~~ ~~and Alexander.~~ Also, At the same time, ~~Defendants~~ mentioned

Case 1:08-cv-21267-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 43 of 60

At this point, Defendant Joshlin And Defendant Alexander, came to escort Plaintiff back to "cell block." But, while Defendants Joshlin And Alexander was waiting to be given the order, to escort Plaintiff back to the "cell." "They-[Re: Defendants Joshlin And Alexander] was [illegible] starting to Antaganised the Plaintiff with assaultive behavior. At which time, Defendant Singletary came out of "Room 113" And saw Defendant Joshlin And Alexander exercising their assaultive behavior And "He"-[Def. Singletary], Did nothing...

#57.) Right After the incident mentioned in [Paragraph #53-56], Defendants Joshlin And Alexander Attack plaintiff inside [B-side hallway] real hard, At the same time stating: "why are "you"-[Re: Plaintiff] resisting???" However, Plaintiff was not Resisting, but while on the floor, Plaintiff "stated" to Defendant Joshlin And Alexander," that I Am tired of "you All"-[Re: Def's (herein) putting (you All's) hands on "me" [Re: Plaintiff]. Plaintiff was then snatched of the floor, by Defendants Joshlin And Alexander. Also, At

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 44 of 60

the same time Defendants Mentioned (herein) this paragraph, Stra[t]ched Plaintiff's Arms out, in eagle style. Causing/hurting Plaintiff to the point of causing pain to plaintiff risk with the security device/hand cuffs.

#58.) Defendants Joshlin And Alexander then took Plaintiff into (B-3-Pod-#4) And slamed Plaintiff on top of [illegible] "steel" table real hard. At which time; "Defendant Perkins" came in/on the "Pod" And [illegible] snatched the leg/ankle cuffs, Causing pain/hurting both of Plaintiff ankles. No medical treatment was provided, Although Plaintiff declared A medical emergency And requested to go to the emergency room.

#59.) On/About the months June, July or Aug. Plaintiff was unconstitutionally placed under "Disiplinary" "Lockdown Status" for "15 days" without being presented with A hearing or the Disiplinary Report. Such actions And/or unlawful means, was carried out through the

abuse of Authority. By Ken Mascara, Bruce Carlton et. Al, Classification, et. Al, Major Tighe, Capt. Walsh, And T. Matterson. For the purpose of Making "bed" space, for A "White" gang member who was testifying for the "State" In which; the Aforementioned "gangmember", was A Returnee from one of "Florida's State Prisons" Agency name- "Santa Rosa Correctional facility". Upon Information And belief, the unlawful placement of Plaintiff was Conspired And Carried out, due to Reasons #(1) Plaintiff's Complaints And Status As A Muslim detainee And #(2) the Administration could not place the gang member in open population, since he- [Re: gang member/state's witness] was testifying in A Robbery case...

#66.) On or About Sept. 27, 2005, A Magistrate Report And Recomendation was sent out by this "U. S. Dist. Court- Miami Division." (See exhibit "D"). Plaint never Received the "Report And Recommendation", instead Plaintiff had to file A "Motion/Request for documents" to Receive the "R+R". [See Exhibit " "]. Therefore, it is Plaintiff's belief, that Defendants herein con- spired with D.O.C. And others to prev- ent Plaintiff from Responding to And Receiving the

(30.)

Report + Recommendation. [illegible]

Plaintiff file a petition But there's No Response [illegible] Futhermore, Since the events mentioned (herein) there have been other attempts to commit Murder/Assasinate the Plaintiff. Fore-which; Plaintiff's jaw was broken on left side of "his" face. However; upon information and belief, the Plaintiff found out through the other podiat surgeon; that "his" right jaw had been broken before. In which; such fracture could have only Resulted from the Assaults/Murderous Attacks, that took place on 4-11-05 [See Paragraphs # 33-36] / 4-22-05 [See: Paragraphs # 38-44]. Plus; the Roof of Plaintiff's mouth was split in [illegible] half during the Murderous Assault that took place on Aug. 29, 2006. Where-fore, such Attempt/conspiracy to commit murder/assasinate on the Plaintiff, is An issue that followed Plaintiff from the St. Lucie county facility. Forewhich; Plaintiff will file, an addition suit at later date...

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 47 of 60

Page #

Claim For Relief

And/or

Relief Sought

Court find factors/use factors that Defendants Paul Hudson, Ft. Pierce Police Dept.-et. Al., Ken Mascara-et. Al., St. Lucie County Sheriff's office-et. Al, in their unlawful Actions, Acted under color of State law in their unlawful Actions mentioned in paragraph # 6. By using physical-force against Plaintiff without need or provocation or failing to intervene or prevent the misuse of force that was done willfully and diliberately to cause harm or death and such Actions constituted cruel and unusual punishment. In violation of Florida State constitution-Art. 1 § 2, 9, 10, 12, 17, 23 And Florida's tort statue, which Allows this "Court" to exercise "it's" power of pendant/ Supplement jurisdiction to grant Plaintiff Relief for Assault and Battery, False arrest/malicious Presecution...

Claim for Relief #3

Plaintiff who's proceeding "in Proper Persona" request that this Court Find/use factors that Defendants Eugene Savage, et. Al., Officer Grecco, Officer Alves, Detective Davis, Officer CM Davis, Officer Toombs, P. Yaccuci,

Case 1:07-cv-21267-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 48 of 60

Ft. Pierce Police Department et. Al., in thier individual and official Capacity Acted under the color of State Laws. When named Defendants (herein) unlawfully Arrested Plaintiff. Which; such unlawful Arrest Cause Plaintiff to suffer, A Lost of Plainiff's property, in violation of the 5th, 14th, 4th 15th Amendment of U.S. Constitution. Such violation constituted the lost of property [Re: money] in the Amount of Approximately $300 - Three hundred Dollars In which; said Defendants named (herein) / Mentioned in paragraph # 7-8, Actions Constituted malicious prosecution, when they - [Re - Defendants herein] knowingly / illegally detain Plaintiff for minor criminal charges "he" - [Re: Plaintiff] did Not commit. [See: Paragraphs # 7-8]

## Claims for Relief # 4

Plaintiff again states in the Affirmative that the courts should find that the Defendants, Eugene Savage, et. Al., Officer Grecco, Officer Alves, Detective Davis, Officer Cm Davis, Officer Toombs, P. Yaccuci, Ft. Pierce Police Department et. Al., in thier official

Case 1:08-cv-21267-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 49 of 60

Capacity Acted under the color of State Law when named Defendants (herein) unlawfully Arrest Plaintiff. which: such unlawful Arrest cause Plaintiff to suffer a lost of Plaintiff property, in violation of Art. I § 1, 8, 2, 9, 10, 12, 17, 16, 19, 22 of Florida's State constitution and Florida's tort statue, which allows this "court" to exercise "it's" power of pendant/supplement jurisdiction to grant plaintiff Re-lief for assault and Battery, false arrest/malicious Pro-secution... [See: Paragraphs #7-8].

## claims for relief #5

As to Claim #5 Plaintiff Respectfully asser/Req-uest that this "court" use/find factors that Def-endants - Briglia, Person, Haseley, Burkhart, Ken Mas-Cara - et. Al., Green, Burchanan, emsa - et. Al., Nurse Gloria, in thier individual/official capacity acted at all times under color of state law, in violation of the 4th, 5th, 8th, 14th, 15th of the United States constitution. When They [Re: Defendants in this 5th claim] contrived Alle-gation to cover up the sexual assault, assault, diliberate denial of medical care, failure to protect Plaintiff from the unlawful treatment/malicious prosecution, false arrest/ Making false statements in their reports. That cause Plaintiff to suffer and continue to suffers. [See: Paragraphs #9-27]...

Case 1:09-cv-21267-AJ Document 26-1 Entered on FLSD Docket 12/09/2007 Page 50 of 60

Page #5 cont'

Claim for Relief #6

As to claim #6 Plaintiff respectfully asserts/request that this court use/find factors that Defendants Briglia, Pearson, Haseley, Burkhardt, Ken Mascara-et. Al., Green, Buchanan, EMSA-et. Al. - Nurse Gloria, St. Lucie County; Sheriff's office-et. Al. St. Lucie County-et. Al., St. Lucie County Detention-et. Al., in official compacity act at all times under color of state law, in violation of florida's state constitution - Art 1 § 2, 9, 10, 17 and florid's tort statue - for which; Petitioner ask "court's" to delicate "it's" power/pendant/supplement jurisdiction to grant Plaintiff relief for the willful, wanton, deliberate intent to cause harm, by false arrest, assault and battery, malicious prosecution, sexual assault, denial of medical care/treatment, making false statements, excessive force/failure to intervene. [See: Paragraphs # 9-27].

## Claim for Relief #7

For claim #7 Plaintiff Petitions this court respectfully and asserts that this court should find factors that Defendants Pearson, Haseley, EMSA-et. Al.-Nurse Gloria, Briglia, Green, in thier individual and official compacity acted at all times under color state law, in violation of 1st, 5th, 8th, 14th, 15th of the U.S. constitutions. When they-[Re: Defendants in claim #7] knowingly/deliberately denied Plaintiff medical care/treatment, Retaliated against Plaintiff,

Page #5 Cont: [illegible] exposed Plaintiff [illegible] pervasive [illegible] harm/ Neglegence- conspiracy to do so, falsifying documents/ Records. [See: Paragraphs #27-33]

## Claims for Relief #8

As to Claim #8 Plaintiff asserts to this court Respectfully, that it should find factors that Defendants Briglia, Pearson, Haseley, Burkhardt, Ken Mascara-et. Al, Puchula, Classiffication-et. Al., Green, EMSA-et. Al. - Nurse Gloria, Major Tighe, Captain Walsh, Singletary St. Lucie county-et. Al., St. Lucie County Sheriff's office-et. Al., St. Lucie County Detention facility-et. Al., Detective Buchanan, Acted at all times under color of state Law, in violation of Florida's constitution Art. I § 2, 9, 10, and Florida's tort statue. Forewhich; Plaintiff ask "court's" to exercise "it's" power/supplement/pendant jurisdiction, to grant claims for Relief against Defendants mentioned (herein) this claim #8. for the willful, wanton, malicious, Sadistic, diliberate acts of Retaliations, denial medical care, exposure to pervasive Risk of harm, falsifying documents/ Records with the conspiracy to do so. [See: Paragraphs #27-32]...

## Claims for Relief #9

As to Claim #9 the Plaintiff asserts respectfully that "Court's" should find factors that Defendants Wandell, Wolf,

Case 1:08-cv-21260-WPD Document 26-1 Entered on FLSD Docket 12/09/2007 Page 32 of 60

(Johnson-White Male), Ken Mascare-et. Al., Perkins, T. Matt-erson, Detective Burkhardt, who are sued in thier individual and official campacity, acted at all times under color of state law in violation of the 1st 5th, 8th, 14th 15th Amendments of U.S. Constitution. When they retaliated against Plaintiff, failed to protect Plaintiff-via-intentional negligence, dilibeeratlely indifferant to Plaintiff's health and safety, denial of medical care, and exposure to a substantial risk of serious harm and con-striving to do so. Such violations of the common laws carried out againt the Plaintiff, was due to plaintiff's com-plaints to the courts and administrators. [see: exhibits ]. that's attached. Also-[see: paragraphs 33-37] of complaint section.

## Claims for Relief #10

As to claim #10 the Plaintiff asserts respectfully, that this "Court" find factors that Defendants Ken Mascara-et. Al., Officer Wandell, wolf, (Johnson-White male), Perkins, T. Matterson, Burkhardt, St. Lucie County-et. Al., St. Lucie County Dention ~~center~~ facilite-et. Al., and St. Lucie County Sheriff's office-et. Al., are sued in thier official compacity. Because; at all times these Defendants (herein)

Case 1:09-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 53 of 60

Page #5 Con't:

Claim 10 Acted under color of state Law, in Violation of florida's Constitutional Art. 1 § 2, 9, 10 And floridas tort statues. When they [Re: Defedants herein claim #10] contrived to have Plaintiff harmed, assaulted / murdered And/or assassenated, denial of medica care, retaliations, showdiliberate indifference to Plaintiff health and safety, And exposed Plaintiff to a substantive risk of harm. [See: paragraphs # 33-37]...

## Claims for Relief #11

As to Claim #11 the Plaintiff asserts Respectfully, that "court's" should find factors that Defendants casey, O'Brian, Major Tight, Captain walsh, ken Hubbard, Mascara-et. Al., Leedman, (Johnson-white male), emsa-et. Briglia, Al., T. Matterson, Classification et. Al., Burkhardt-et. Al., Todd, Alexander, Joshlin, Singletary, Perkins, acted at All times under color of state Law, when they [Re: Defendants-herein Claim #11] contrived And actually carried assaults, Attempted murder / Attempted Assassenation-by way of beating, drowning, threats, posioncus chemical munition-[Re: Mase], And/or Suffication-via-unlawful Restraints/Restraint chair, excessive force, denial of medical care, denial of access to court, diliberate indifference to Plaintiff health And safety, malicious Prosecution, Violation of Oath of office,

in violation of the 1st, 4th, 5th, 8th, 14th, and 15th Amendment of U.S. Constitution. Plaintiff supports Cliam by Reference the following: [See: Paragraphs# 38 - 58]. forewhich; Defendants Named in Claim Number-11, Are being sued in their individual compacity/ official compacity . .

## Claim For Relief #12

As to Claim # 12 the Plaintiff respectfully asserts that Court's should find factors that Defendants, Casey, O'Brian, Ken Mascara-et. Al, (Johnson-Major Tighe, Capt. Walsh, Matterson, P. Yaccuci, Hubbard, White-male), emsa-et. Al, Alexander, Joshlin, Todd, Briglia, Diamond Litty-et. Al., St. Lucie County Singletary, Perkins, St. Lucie county-et. Al., St. Lucie county Detention facility-et. Al, Sheriff's office-et. Al., Ft. Pierce Police Department-et. Al; Public Defendants office-et. Al., The City of Ft. Pierce-et. Al., Acted at All times under color of state Law, in volation of florida's constitutional Art. I§ 2, 9, 10, 17, 21, And florida's tort statues. When they contrived to assault, murder/ assassenate Plaintiff-via-beatings, ~~Attem~~ drowning, threats, posinous chemical munition-[Re: mase], illigal injection of psychological drugs, suffication-while shackled

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 55 of 60

And hand cuffe/ unlawfully Restrained [Re: Restraint Chair], excessive force, denial of medical care, denial access to court, deliberate inderferrence to Plaintiff health and safty, malicious prosecution, false arrest, falsifying Documents, which is the approximate cause of plaintiff injuries, due to Defendants named (herein) claim # 12, unlawful, willful, wanton, Malicious, sadistic behavior. These Defendants mentioned (herein) claim # 12 are being sued in their official compacity. Plaintiff support claim # 12 by reference to the following: [See: paragraphs # 38-58].

## Claim for Relief # 13

As to claim # 13 the Plaintiff asserts respectfully, that court's should find factors that Defendants T. Matterson, Major Tighe, Capt. Walsh, Casey, O'Brian, Classification-et. Al., EMSA-et. Al., Acted under color of Ken Mascara-et. Al., at all times, in violation of 1st, 14th, 5th, 8th State Law at all times, in violation of 1st, 14th, 5th, 8th 15th Amendments of U.S. Constitution. When they [Re: Defendants named in Claim # 15] contrived and carried out acts of retaliations, assaults, overt/ subversive activities, denial of access to court, violation of oath of office, making false reports, Denial of due process, denial of medical care, paticipated in a cover up and conspiracy to violate. Plaintiff support Claim # 13 by Reference to the following: [See: Paragraphs # 59-60] forewhich; Defendants (herein) named in Claim # 13 are

being sued in thier individual/official compacity...

## Claim for Relief #14

As to Claim #14 the Plaintiff asserts respectfully that court's should find factors that Defendants T. Matterson, Casey, classification-et. Al, Major Tighe, Capt. walsh, O'Brian, Ken Mascara-et. Al, emsa-et. Al, St. lucie county Detention facility-et. Al, St. Lucie county-et. Al., Acted At All times under color of state law, in violation of florida's Constitutional Art. 1 § 2, 9, 10, 17, 18, 21, 23 and florida's tort statues. When They-[Re: Defendants (herein) claim #14] contrived And carried out acts of Retaliation, assaults, overt/subversive activities, denial of access to court, violation of oath of office, making false reports, Denial of due process, denial of Medical Care, Mail fraud, paticipated in a cover up and conspiracy to violate. Plaintiff support claim #14 by Reference to the following: [SEE: Paragraphs# 59-60]. Forewhich; Defendants in claim #14 Are being sued in thier official capacity...

## Relief Sought

A.) Plaintiff seeks/request Respectfully this court: Declare the Acts and omissions described (herein) complaint, violated Plaintiff Rights under the Constitutional and Laws of the United States and the florida's tort statues.

Case 1:05-cv-21267-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 57 of 60

B.) Enter a preliminary / permanent injunctions, Ordering Defendants Ken Mascara-et. Al, Jeb Bush, St. Lucie County-et. Al., St. Lucie County Sheriff's office-et. Al, The City of Ft. Pierce-et. Al, St. Lucie county Dention facility-et. Al, casey O'Brian, emsa-et. Al, their successors, Agents, employees, And All persons Acting in concert with them to not violate Plaintiff's constitutional rights and rights that is Afforded to Plaintiff by florida's constitution And statutory Avenue. Above All; enter prelimanary/permanant injuntions, ordering that Defendants Named in paragraph "B" stop threatening "Plaintiff" with murder/trying to cause "his" death, stop Assaulting And unprovoked excessive force. Implement adquate process for grie- [Re: vance procedure so that detainees can have proof that they - detainees] tried to resolve All matters that was/is carried out unlawfully. Also; implement Adequate classification system, to prevent the employees in that Areas from carrying out bias/retalitory intents towards certain detainees, Dental work/care, mental health/theropy; proper procedure for retrieving privalage/legal mail even if detainee has been transfered. Implement legal/lawful Avenue to ensure that Defendants are unable falsify documents/Also that detainees are able to practice their faith/Religion. Implement proper procedure for pat down and body searches...

C.) Enter judgement in favor of Nomal damage for $1.00 dollar for each defendant and compensatory damages as the federal and state laws allows, and let the jury decide

Case 1:08-cv-21207-AJ Document 26 Entered on FLSD Docket 12/03/2007 Page 58 of 60

the amount in punitive damages.

D.) enter judgement for/in favor Plaintiff -via- Supplimental/pendent jurisdiction for state Law Claims within Plaintiff complaint, And enter judgement for the Arrest of Defendants Casey, T. Matterson, Haseley, C. Todd, Ken Mascara -et. Al., Joshlin, Perkins, Briglia, O'Brian, Hubbard, Pearson, Major Tighe And Burkhart. As to the judgement in favor of the Plaintiff, concerning Supplemental And/or pendant jurisdiction mentioned Above, Plaintiff would Ask the court for the Amount that the State tort Law Requires jointly And severaly for each Defendant named through out Plaintiff's complaint.

e) enter judgement in favor of the Plaintiff to have a selected "private investigator" "due" to Plaintiff illegal confined Status.

F.) Order Such Addictional Relief As this Court may deems just And proper...

Case 1:05-cv-21207-AJ Document 26 Entered on FLSD Docket 12/09/2007 Page 59 of 60

*******

## AFFIDAVIT CERTIFICATE
(Prisoner Accounts Only)

**I HEREBY CERTIFY THAT** ____________, has the sum of
(Name of Affiant)

$________ as of __________ on account to his credit at the
(date)

__________________________ institution where he is confined. I further certify that the above named prisoner affiant has the following securities to his credit according to the records of this institution:

SEE Attached

______________________________
Authorized Officer of Institution

Certificate of Service

I swear under penalty/certify that I Robert J. Smith did send this civil complaint out on stamped date shown... [See: stamped date and address].

U. S. Dist. Ct.
301 N. Miami Ave.
Miami, Florida
33128



Robert J. Smith #789293
D. C. I.
19000 S.W. 377th Street
Fla. City, Florida
33034

UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF FLORIDA

# ATTACHMENT(S) NOT SCANNED
## OR
## attached (hand-written) document(s) have been SCANNED and are also available in the SUPPLEMENTAL PAPER FILE

## PLEASE REFER TO COURT FILE MAINTAINED IN THE OFFICE WHERE THE JUDGE IS CHAMBERED

**CASE NO.** 05-21207 CIV AJ

**DE#**____________

- ☐ **DUE TO POOR QUALITY**
- ☐ VOLUMINOUS (exceeds 999 pages = 4 inches) consisting of (boxes, notebooks, etc.)__________
- ☐ BOUND EXTRADITION PAPERS
- ☐ ADMINISTRATIVE RECORD (Social Security)
- ☐ ORIGINAL BANKRUPTCY TRANSCRIPT
- ☐ STATE COURT RECORD (Habeas Cases)
- ☐ SOUTHERN DISTRICT TRANSCRIPTS
- ☒ LEGAL SIZE
- ☐ DOUBLE SIDED
- ☐ PHOTOGRAPHS
- ☐ SURETY BOND (original or letter of undertaking)
- ☐ CD's, DVD's, VHS Tapes, Cassette Tapes
- ☒ OTHER = __________